UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA CRISIS ASSISTANCE                 CIVIL ACTION
CENTER d/b/a LOUISIANA CAPITAL
ASSISTANCE CENTER

VERSUS                                      NO: 11-2102

ALEXANDRIA MARZANO-LESNEVICH                SECTION: J(1)

## ORDER AND REASONS

Before the Court are Defendant Alexandria Marzano-
Lesnevich's Motion for Reconsideration **(Rec. Doc. 22)**, Plaintiff
Louisiana Capital Assistance Center's Memorandum in Opposition to
same, and Defendant's Reply Memorandum **(Rec. Doc. 30)**.  In her
motion, Defendant requests that the Court reconsider its previous
ruling denying her special motion to strike filed pursuant to
article 971 of the Louisiana Code of Civil Procedure.  For
reasons expressed more fully below, Defendant's Motion is hereby
**GRANTED IN PART** and **DENIED IN PART**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Although a more thorough account of the facts of this case
can be found in the Court's previous order and reasons,[1]  the
Court offers a brief summary of those facts for the purposes of

---

[1]  See Rec. Doc. 19.

1

the instant motion.

During the summer of 2003, Defendant Alexandria Marzano-Lesnevich served as an unpaid summer law clerk at the Louisiana Capital Assistance Center ("LCAC"), a non-profit organization providing legal representation to indigent capital defendants. After graduating from law school, Ms. Marzano-Lesnevich pursued a career as a journalist and writer in lieu of a legal career, publishing both fictional and nonfictional works focusing on the death penalty and sex crimes.  In 2010, she published two pieces of work which are of relevance to this case: an essay entitled *In the Fade*, which was published in a literary journal called the *Bellingham Review*,[2] and an article entitled *Longtermer's Day*, which was published in a nonfiction periodical called *Fourth Genre*.[3]  Ms. Marzano-Lesnevich also published copies of these works, or links thereto, on her personal website.[4]  *In the Fade* is a stylized account of the criminal prosecution of an LCAC client named Ricky Langley for the sexual assault and murder of a six-year old boy in Calcasieu Parish, Louisiana.  *Longtermer's Day* describes the author's experiences visiting Angola Prison and

---

[2]  See Alexandria Marzano-Lesnevich, *In the Fade*, Bellingham Review, Issue 62 (2010).

[3]  See Alexandria Marzano-Lesnevich, *Longtermer's Day*, Fourth Genre, Issue 12.1 (2010).

[4]  *See* Alexandria Marzano-Lesnevich, http://www.alexandria-marzano-lesnevich.com/page1/page1.html (Last visited Oct. 19, 2011).

conversing with inmates.

After discovering the existence of these works, LCAC filed suit in Civil District Court for Orleans Parish on July 26, 2011. LCAC's petition alleges that Defendant breached her fiduciary and contractual duties to both LCAC and its clients by disclosing confidential and/or privileged information regarding LCAC clients in the aforementioned essays.  LCAC also alleges that Defendant is currently in the process of writing a novel related to her experiences as a LCAC law clerk and that she plans to seek publication upon the work's completion.  Based on these allegations, LCAC seeks damages and preliminary and permanent injunctive relief prohibiting any disclosure, publication, or dissemination of confidential or privileged information obtained in the course of Defendant's summer clerkship, as well as other information relating to the representation of LCAC clients which disadvantages or prejudices those clients.

Defendant removed the case to federal court on August 24, 2011 and promptly filed a special motion to strike pursuant to article 971 of the Louisiana Code of Civil Procedure, Louisiana's "anti-SLAPP" statute.[5]  Article 971 involves a burden-shifting

_____

[5]  Article 971 was enacted in 1999 upon a legislative finding that "there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." LA. CODE CIV. P. art. 971.  These lawsuits are commonly referred to as "strategic lawsuits against public participation, or more succinctly "SLAPPs."  Consequently,

procedure under which a defendant must first make a prima facie showing that the cause of action against her arises out of an exercise of First Amendment rights in connection with a public issue.  If the defendant successfully makes this showing, this shifts the burden to the plaintiff to demonstrate a probability of success on the merits.

Defendant's special motion to strike targeted only LCAC's claim for injunctive relief.  In the motion, Defendant argued that LCAC could not carry its burden of establishing a probability of success on the merits of its entitlement to injunctive relief, for several reasons.  Defendant first argued that the prayed-for injunction was barred by the First Amendment, as it would constitute an unconstitutional prior restraint. Defendant also added that LCAC could not establish that she owed any fiduciary or contractual duties to LCAC.  Finally, Defendant argued that LCAC had failed to show a probability of success on the merits of its "claim" for injunctive relief because it had not shown a substantial threat of irreparable harm and because the injunction LCAC sought was facially overbroad under the standards of Rule 65(d) of the Federal Rules of Civil Procedure.

---

legislative enactments designed to combat these lawsuits and to encourage public participation in matters of public significance have been dubbed "anti-SLAPP" or "SLAPP back" statutes.  Over twenty five states, including Louisiana, have enacted such anti-SLAPP statutes.  Guam Greyhound, Inc. v. Brizill, No. 07-021, 2008 WL 4206682, at *2 (Guam Terr. Sept. 11, 2008).

On November 23, 2011, the Court issued an Order and Reasons denying the special motion to strike.[6]  The Court first found that Defendant had made the required prima facie showing that the suit against her arose from acts in furtherance of her right to free speech in connection with public issues, in that they were based on the publication of the disputed literary works.[7] Accordingly, the burden then shifted to LCAC to demonstrate a probability of success on the merits under the second step of the article 971 analysis.[8]  Although Defendant's anti-SLAPP motion was directed exclusively at LCAC's claim for injunctive relief, the Court found that the statute was not intended to be used in this manner.  Instead, it held that a special motion to strike could only be used to dismiss an entire lawsuit, as opposed to selectively targeting individual claims.[9]  Based on this conclusion, and reasoning that article 971 was intended to weed out lawsuits that were "completely devoid of merit," the Court explained that if a plaintiff could substantiate any one of its asserted claims, then the lawsuit was not meritless and therefore

---

[6]  See Rec. Doc. 19; La. Crisis Assistance Ctr. v. Marzano-Lesnevich, 827 F. Supp. 2d 668 (E.D. La. 2011).

[7]  Rec. Doc. 19, p. 27.

[8]  Rec. Doc. 19, p. 27.

[9]  Rec. Doc. 19, pp. 29-33.

not subject to dismissal pursuant to an article 971 motion.[10]  As such, the Court held that a plaintiff could satisfy its secondary burden of demonstrating a probability of success on the merits by stating and substantiating any *one* of its claims, even if it the same showing could not be made with respect to the specific claim targeted by the defendant's anti-SLAPP motion.[11]

Applying this standard to the instant case, the Court concluded that each of LCAC's claims survived Defendant's motion if LCAC could show a probability of success on the merits of either its breach of contract or breach of fiduciary duty damages claim, even if its claim for injunctive relief was barred by the prior restraint doctrine.  Because the Court found that LCAC had both stated and substantiated a valid claim for breach of contract under Louisiana law, it denied the special motion to strike.[12]  Thereafter, on December 12, 2011, Defendant filed the instant motion for reconsideration.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration.  <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000).  In the Fifth Circuit, a motion for reconsideration challenging a prior judgment is treated

---

[10]   Rec. Doc. 19, pp. 31-33.

[11]   Rec. Doc. 19, pp. 31-33.

[12]   Rec. Doc. 19, pp. 33-41.

either as a motion "to alter or amend" under Federal Rule of
Civil Procedure 59(e) or a motion for "relief from judgment"
under Federal Rule of Civil Procedure 60(b).  <u>Lavespere v.
Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir.
1990), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>,
37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment
is based on timing.  If the motion is filed within twenty-eight
days of the challenged order, then it falls under Rule 59(e).
<u>Id.</u>; FED. R. CIV. P. 59(e).  However, if the motion is filed more
than twenty-eight days after the judgment, but not more than one
year after the entry of judgment, it is governed by Rule 60(b).
<u>Id.</u>; FED. R. CIV. P. 60(c).  In the present case, Defendant's
Motion for Reconsideration was filed within twenty-eight days
from the order denying her special motion to strike.
Consequently, it will be treated as a motion to alter or amend
under Rule 59(e).

    Altering or amending a judgment under Rule 59(e) is an
"extraordinary remedy" to be used "sparingly" by courts.  <u>Templet
v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004).
Motions pursuant to Rule 59(e) are not designed to provide an
opportunity to rehash evidence or arguments previously presented
to the Court.  <u>Id.</u> at 478-79.  Nor should they be used to re-
litigate issues simply because they were "resolved to the
movant's dissatisfaction."  <u>Voisin v. Tetra Techs., Inc.</u>, No. 08-

1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Instead, to prevail on a motion for reconsideration under Rule 59(e), a party must establish at least one of three justifications: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003).

### DISCUSSION

In the instant case, Defendant has satisfied this standard, rigorous as it is, as the Court is persuaded that its previous ruling employed an interpretation of the Louisiana anti-SLAPP statute that constitutes a manifest error of law. As previously noted, the Court first found that article 971 was intended to be used to dismiss an entire lawsuit, rather than to eliminate discrete claims or theories of relief. That the Court erred in this regard is evident from a plain reading of the statutory text, which states:

> ***A cause of action*** **against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the *claim*.**

L<small>A</small>. C<small>ODE</small> C<small>IV</small>. P. art. 971(A)(1) (emphasis added). The Court's prior ruling essentially conflates the terms "cause of action" and "claim" with the word "lawsuit." However, commonly accepted

8

definitions of these terms reveal that they do not share the same meaning.  Compare BLACK'S LAW DICTIONARY 251 (9th ed. 2009) (defining "cause of action" as "[a] group of operative facts giving rise to one or more bases for suing; claim . . . a legal theory of a lawsuit") and id. at 281-82 (defining "claim" as "[t]he aggregate of operative facts giving rise to a right enforceable by a court . . . The assertion of an existing right . . . cause of action") with id. at 967, 1572 (defining "lawsuit" by referring to the term "suit," which in turn, is defined as "[a]ny proceeding by a party or parties against another in a court of law; case").  Thus, the statute clearly speaks in terms of striking a "cause of action," or "claim," rather than a "suit" or "action."  There is no indication in the text that a special motion to strike need necessarily be an "all or nothing" proposition, as the Court's initial opinion suggested.  Because a plain reading of the statute shows that article 971 *can* be utilized to strike an individual cause of action, the Court's previous ruling was clearly erroneous.

Based on its previous interpretation of the statute, the Court also held that a plaintiff need only demonstrate a probability of success as to *any* one of its claims in order to survive a special motion to strike.[13]  A review of the jurisprudence, however, indicates that this is not so.  To the

---

[13]   Rec. Doc. 19, pp. 32-33.

contrary, at the second step of article 971's burden-shifting
framework, courts appear to independently analyze whether a
plaintiff has demonstrated a probability of success on the merits
of *each* cause of action challenged in the special motion to
strike.  As explained by the Louisiana Third Circuit Court of
Appeal, after a defendant has made the required prima facie
showing, "the burden of proof shifts to the plaintiff to
demonstrate the probability of her success on *each of the claims
alleged by her petition*."  <u>Darden v. Smith</u>, 2003-1144, p. 8 (La.
App. 3 Cir. 6/30/04), 879 So. 2d 390, 397 (emphasis added).  In
<u>Darden</u>, the court separately analyzed each of the plaintiff's
causes of action and determined that a probability of success on
the merits had not been shown on any of the three claims.  <u>Id.</u> at
397-99; <u>see also</u> <u>Hebert v. La. Licensed Prof'l Vocational Rehab.
Counselors, et al.</u>, 07-610, pp. 11-12 (La. App. 3 Cir. 3/4/09), 4
So. 3d 1002, 1011 (affirming trial court's decision granting
special motion to strike the plaintiff's defamation claim, but
reaching different result with respect to plaintiff's abuse of
process claim, to which article 971 did not apply).[14]  In light

---

[14]  Furthermore, the Court also notes that California's
anti-SLAPP statute, which is substantially similar to article
971, has been interpreted to allow a court to strike a single
cause of action.  <u>See</u> <u>Kajima Eng'g and Const., Inc. v. City of
Los Angeles</u>, 116 Cal. Rptr. 2d 187 (Cal. Ct. App. 2002) ("The
court can strike a single cause of action, while allowing other
causes of action to remain.") (citation omitted); <u>see also</u> <u>Thomas
v. City of Monroe, La.</u>, 36,526, p. 6 (La. App. 2 Cir. 10/18/02),
833 So. 2d 1282, 1286 (noting that the California and Louisiana

of this authority, the Court's previous holding that each of a
plaintiff's claims survive a special motion to strike if a
probability of success on the merits is shown as to any one of
them was also in error.

### A.   The Article 971 Framework

The Court must now consider the merits of Defendant's motion
under a proper application of the article 971 framework.  As
previously explained, the statute employs a two-part
burden-shifting framework.  When a special motion to strike
pursuant to art. 971 is filed, the Court is first required to
stay all discovery in the proceedings.  LA. CODE CIV. P. art.
971(D).  The defendant must then make a prima facie showing that
the cause of action asserted against her arises from an act in
furtherance of the exercise of her right of petition or free
speech under the Louisiana or United States Constitution in
connection with a public issue.  Carr v. Abel, 10-CA-835, p. 9
(La. App. 5 Cir. 4/29/11), 64 So. 3d 292, 297.

If the defendant makes this showing, the burden then shifts
to the plaintiff to demonstrate a probability of success on the
merits of the challenged claim.  Id.  If the plaintiff fails to
demonstrate a probability of success on the merits, then the
challenged claim will be dismissed, and the prevailing defendant
will be entitled to recover attorney's fees and costs.  LA. CODE

---

anti-SLAPP statutes are "virtually identical").

CIV. P. art. 971(B). If the plaintiff successfully defeats the motion, however, he can recover his own attorney's fees and costs, and the court's ruling denying the motion will be admissible as substantive evidence later in the proceeding. LA. CODE CIV. P. art. 971(A)(3).

**1. Has Defendant Made the Required Prima Facie Showing?**

In its previous Order and Reasons, with respect to the first step of the article 971 analysis, the Court found that Defendant had successfully shown that each of the claims against her arise from an act in furtherance of her right of free speech under the Louisiana or United States Constitution in connection with a public issue.[15] LA. CODE CIV. P. art. 971(A). Having reconsidered its previous holding, however, the Court finds that Defendant has not carried her burden of proving the statute's applicability in the first instance.

As previously mentioned, Defendant's motion was aimed exclusively at LCAC's request for injunctive relief. The Court initially ruled that article 971 could not be used to strike an individual claim, as opposed to the entire petition. Although the Court is persuaded that this ruling was legally incorrect, as explained above, it is nonetheless clear that the statute only applies to "cause[s] of action." See LA. CODE CIV. P. art. 971(A)(1) ("A *cause of action* against a person arising from any

---

[15]   Rec. Doc. 19, pp. 24-29.

act of that person in furtherance of the person's right of
petition or free speech under the United States or Louisiana
Constitution in connection with a public issue shall be subject
to a special motion to strike . . .") (emphasis added).
Generally, a request for injunctive relief is not considered an
independent "cause of action," but rather a remedy sought to
redress the wrongs alleged in the underlying substantive claims.
See, e.g., Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10-1333,
2012 WL 2087438, at *9 (E.D. La. June 8, 2012) ("[I]njunctive
relief is not itself a cause of action, but rather a remedy.");
Nissan of Slidell, L.L.C. v. Nissan N. Am., Inc., No. 08-1206,
2008 WL 4809438, at *1 n.1 (E.D. La. Nov. 3, 2008) ("Plaintiff's
complaint contains a 'Request for Permanent Injunction.'
Plaintiff's brief, however, repeatedly refers to its 'claim for
permanent injunction.' An injunction is a form of relief and not
a cause of action, and the Court interprets plaintiff's pleadings
as requesting injunctive relief as an additional form of recovery
under its other causes of action."); In re S'holders of R.E.
Heidt Constr. Co., No. 10-1260, 2011 WL 1841251, at *4 (W.D. La.
May 13, 2011) ("Continental conflates a cause of action, or
claim, with the remedy afforded by a claim.  An injunction
provides a remedy, not a cause of action."); Noah v. Enesco
Corp., 911 F. Supp. 305, 307 (N.D. Ill. 1995) ("An injunction is
a remedy, not a cause of action."); Fare Deals, Ltd. v. World

13

Choice Travel.Com, Inc., 180 F. Supp. 2d 678, 682 n. 1 (D. Md. 2001) (noting that "a request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in . . . the substantive counts"); Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (dismissing a "claim" for injunctive relief because it was "merely" a remedy, not a separate cause of action); Henke v. Arco Midcon, LLC, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action . . . Plaintiffs may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as separate causes of action."); Fletcher v. Conoco Pipe Line Co., 129 F. Supp. 2d 1255, 1264 (W.D. Mo. 2001) ("The Court agrees that there is no 'injunctive' cause of action under Missouri or federal law. Instead, Plaintiffs must allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy.") (citations omitted as to each).[16]

---

[16] Louisiana law similarly recognizes that a "cause of action" is distinct from the remedy afforded to the aggrieved party. See, e.g., Atlas Iron and Metal Co. v. Ashy, 05-458, p. 8 (La. App. 3 Cir. 1/4/06), 918 So. 2d 1205, 1212 (defining a cause of action as "[t]he fact or facts which give a person a right to judicial redress or relief against another . . . A situation or state of facts which would entitle [a] party to sustain [an] action and give him [the] right to seek a judicial remedy in his behalf") (quoting BLACK'S LAW DICTIONARY 221 (6th ed. 1990)); Coulon v. Gaylord Broad., 433 So. 2d 429, 430 (La. Ct. App. 1983) ("A cause of action is a matter of substance concerned with the

In other words, although a request for injunctive relief *arises out of* a cause of action, the  the remedy sought and the cause of action itself are "separate and distinct."  <u>See</u> <u>United States v. Smelser</u>, 87 F.2d 799, 801 (5th Cir. 1937); <u>see also</u> <u>Davis v. Passman</u>, 442 U.S. 228, 239 (1979) (explaining that the question of "whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive"); <u>W. Oil & Gas JV, Inc. v. Castlerock Oil Co., Inc.</u>, 91 F. App'x 901, 904 (5th Cir. 2003) (distinguishing between equitable remedies and causes of action, and noting that equitable remedies are unavailable in the absence of a cognizable cause of action); <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1098 (11th Cir. 2004) ("[A]ny motion or suit for a traditional injunction must be predicated upon a cause of action . . . regarding which a plaintiff must show a likelihood or actuality of success on the merits.  There is no such thing as a suit for a traditional injunction in the abstract . . . [A] traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed – if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise."); <u>Williams v. Walsh</u>, 558 F.2d 667, 670-71 (2d Cir. 1977) ("In other words, a cause of action is

violation of a right, not a matter of remedy.").

15

generally established by showing the existence of a right held by the plaintiff and a breach of that right by the defendant.  But, most definitely, the cause of action is something distinct from the remedy or the relief sought.").

Courts have applied the foregoing principles in the anti-SLAPP context, as well.  While the issue has not been addressed in any reported Louisiana case, California courts have held that requests or prayers for injunctive relief are not "causes of action" within the meaning of the state's anti-SLAPP statute.[17] In Marlin v. Aimco Venezia, LLC, for example, two tenants sued their landlord after they were served with an eviction notice. 64 Cal. Rptr. 3d 488 (Cal. Ct. App. 2007).  The tenants sought declaratory relief to clarify their rights under California law and also included a request for injunctive relief prohibiting their landlord from evicting them from their residence.  Id. at 490-91.  The defendant landlord responded by filing an anti-SLAPP motion seeking to dismiss the complaint in its entirety, which the trial court granted.  The tenants appealed, and the appellate court reversed, holding that the tenants' prayer for injunctive

_____

[17] As previously mentioned, Louisiana courts have specifically noted the similarities between article 971 and California's anti-SLAPP statute and have looked to California case law in the absence of precedential Louisiana authority on point.  See, e.g., Lee v. Pennington, 2002-0381, p. 6 (La. App. 4 Cir. 10/16/02), 830 So. 2d 1037, 1043 (noting that the Louisiana anti-SLAPP statute and the California anti-SLAPP statute are "very similar in form, language, and legislative intent").

relief was not a "cause of action" to which a special motion to
strike under the California anti-SLAPP statute could be applied.
<u>Id.</u> at 494-95.  In line with the reasoning from the cases cited
above, the court explained:

> **A "cause of action" must be distinguished from the
> remedy sought:  The violation of one primary right
> constitutes a single cause of action, though it may
> entitle the injured party to many forms of relief, and
> the relief is not to be confounded with the cause of
> action, one not being determinative of the other.**

<u>Id.</u> (internal quotation and citation omitted).  Because the
tenants' prayer for injunctive relief was "a remedy, not a cause
of action," the court held that the anti-SLAPP statute was
inapplicable.  <u>Id.</u>; <u>see also</u> <u>Wong v. Jing</u>, 117 Cal. Rptr. 3d 747,
755 n.2 (Cal. Ct. App. 2010) ("Wong also purported to assert a
cause of action for 'specific performance/injunctive relief.'
However, specific performance and injunctive relief are equitable
remedies and not causes of action for injuries . . . The
anti-SLAPP statute applies only to 'causes of action.'");
<u>Guessous v. Chrome Hearts, LLC</u>, 102 Cal. Rptr. 3d 214, 220 (Cal.
Ct. App. 2009) ("[S]ection 425.16 [the anti-SLAPP statute]
applies only to a cause of action, not to a remedy.  Injunctive
relief is a remedy, not a cause of action."); <u>Thomas v. Quintero</u>,
Cal. Rptr. 3d 619, 630 (Cal. Ct. App. 2005) (concluding that a
request for a temporary restraining order, by itself, does not
qualify as a "cause of action" under the anti-SLAPP statute);

<u>Suneva Med., Inc. v. Lemperle</u>, No. D057871, 2012 WL 1484622, at
*7 (Cal. Ct. App. Apr. 30, 2012) (noting that "injunctive and
declaratory relief are equitable remedies, not causes of action
subject to the anti-SLAPP statute"); <u>Cammarata v. Bright Imperial
Ltd.</u>, No. B2182262011, WL 227943, at *5 (Cal. Ct. App. Jan 26,
2011) (affirming trial court's judgment holding that a claim for
injunctive relief is not a "cause of action" within the meaning
of the anti-SLAPP statute); <u>Renaissance Acad. Charter High Sch.
v. Westside Med. Park, LLC</u>, No. B193655, 2007 WL 4395408, at *1
n.4 (Cal. Ct. App. Dec. 18, 2007) ("[I]njunctive relief is not a
separate cause of action, but merely a requested remedy. An
anti-SLAPP motion does not lie to strike remedies.").

Here, for essentially the same reasons, the Court finds that
LCAC's request for injunctive relief, does not constitute a
"cause of action" within the meaning of article 971. There are
two causes of action asserted in LCAC's petition: one for breach
of contract, and one for breach of fiduciary duty. Defendant
could attempt to eliminate LCAC's request for injunctive relief
by filing a special motion to strike targeting the underlying
cause or causes of action upon which the request is based.[18]
Defendant could also seemingly achieve the result she seeks by
filing an ordinary motion to strike pursuant to Rule 12(f) of the
Federal Rules of Civil Procedure. However, in its current form,

the language of article 971 does not appear to permit a court to strike *only* the request for injunctive relief while allowing the underlying cause of action to stand.

Defendant argues that this result could frustrate the purpose of the statute by allowing potentially unconstitutional prior restraints to remain in tact. The Court acknowledges Defendant's concern, but the remedy she seeks lies with the Louisiana legislature, and not with this Court. Although article 971 was intended to be construed broadly, this does not permit the Court to rewrite the operative language of the statute. A court must interpret the law as it has been drafted and adopted by the legislature, and any substantive changes must emanate from the legislative body, and not from the judiciary. *See* <u>WellTech, Inc. v. Abadie</u>, 95-CA-676, p. 8 (La. App. 5 Cir. 10/1/96), 683 So. 2d 809, 812 ("We recognize that this creates an unintended 'loophole' in the law. However, the courts are powerless to change a clear enactment or wording of a statute; rather this is an issue which needs to be addressed by the legislature."); <u>Eads Operating Co., Inc. v. Thompson</u>, 93-CA-2155 (La. App. 1 Cir. 10/7/94), 646 So. 2d 948, 954-55 ("[A]s a court of law, we cannot legislate; we must interpret the law as promulgated by the legislature, despite the inequities that such interpretation may cause. Any endeavor to change the law must originate from the legislature."); <u>see also</u> <u>Ark. Oak Flooring Co. v. La. & Ark. Ry.</u>

19

Co., 166 F.2d 98, 101 (5th Cir. 1948) ("Courts must, of course, construe statutes as they are written. They may not rewrite them to suit their views of what they think the statutes ought to say or to avoid difficulties in construing and applying them."). Consequently, to the extent Defendant seeks to apply the anti-SLAPP statute to a remedy, as opposed to a cause of action, her motion will be denied.

### 2.  Attorney Fees

Article 971 provides that the prevailing party in a special motion to strike may recover its reasonable attorney fees and costs.  LA. CODE CIV. P. art. 971(B).  However, because the Court concludes that article 971 applies only to causes of action and not to requests for injunctive relief, the attorney fee provisions of the article are inapplicable.  See Lyons v. Knight, 10-1470, pp. 12-13 (La. App. 3 Cir. 5/11/11), 65 So. 3d 257, 266 (reversing trial court's judgment awarding fees and costs where article 971 was inapplicable); Hebert, 4 So. 3d at 1011 (amending trial court's judgment by eliminating fees awarded in connection with a cause of action to which article 971 did not apply).

<u>CONCLUSION</u>

Accordingly, for the reasons expressed above, **IT IS ORDERED** that Defendant's Motion for Reconsideration **(Rec. Doc. 22)** is **GRANTED IN PART** and **DENIED IN PART.**  The motion is granted to the extent that it requests the Court to correct its previous

erroneous interpretation of article 971, and accordingly, the Court's previous Order and Reasons **(Rec. Doc. 19)** is hereby **VACATED**.  To the extent that Defendant contends that LCAC's request for injunctive relief constitutes a "cause of action" within the meaning of the statute, however, the motion is **DENIED**.

In light of the Court's ruling on Defendant's Motion for Reconsideration, **IT IS FURTHER ORDERED** that LCAC's Motion for Attorney's Fees and Costs **(Rec. Doc. 20)** is hereby **DENIED AS MOOT**.

New Orleans, Louisiana this 9th day of July, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT